C. T. HILTON v. THE BOARD OF COUNTY COMMIS-
SIONERS OF SALINE COUNTY, KANSAS.

No. 193.

ASSESSOR — *not prima facie entitled to pay for deputy's services.*
A city assessor is not *prima facie* entitled to collect in his own
name three dollars per day for all the assistants he may employ in
making and returning the assessment of a city of the second class.

Error from Saline District Court. Hon. R. F.
Thompson, Judge. Opinion filed May 13, 1897. *Af-
firmed.*

The facts of this case as they appear from the record
are substantially as follows: · In February, 1893, C.
T. Hilton was appointed city assessor for the city of
Salina, Kan., and was engaged personally in the du-
ties of said office sixty-five days. His daughter, Daisy
M. Hilton, assisted her father in making the assess-
ment seventy days; and J. H. Hilton, his wife, as-
sisted thirty-eight days. He was paid three hundred

430    HILTON v. COMM'RS OF SALINE CO.

N. Dept.            Opinion.  Wells, J.            5 Kan. App.

dollars for his services and presented a bill for $219 as a balance due him, which claim was disallowed by the County Commissioners of Saline County, whereupon suit was brought for said sum before a justice of the peace of said county and from there was appealed to the District Court. Upon a trial in the District Court a demurrer to the evidence was sustained, and the matter was brought to this court on petition in error for review.

*David Richie*, for plaintiff in error.

*R. A. Lovitt*, for defendant in error.

WELLS, J.   There are two errors alleged. *First*, that the court erred in sustaining the demurrer to the evidence; *second*, that the court erred in overruling the plaintiff's motion for a new trial. These together constitute in fact but one ground of error and the sole question is: Did the plaintiff make a *prima facie* case establishing his right to recover?

There are two questions discussed in the briefs. *First*, were D. M. Hilton and J. H. Hilton lawful deputies of C. T. Hilton, city assessor? *Second*, can C. T. Hilton recover under the evidence in this case for services performed by D. M. Hilton and J. H. Hilton? Under our view of the proper answer to be given to the second question, we do not consider it necessary to discuss or decide the first.

Paragraph 6920, General Statutes of 1889, says:

"Township or city assessors shall receive three dollars per day for each day actually and necessarily employed in assessing the property of their township or city, and in making the return thereof, to be paid by the respective county. The account for such services shall be verified by the affidavit of the assessor; but the Board of County Commissioners may have the power to make the aggregate amount less than

charged :  *Provided,* It shall appear to them that full time was not made by the assessor for which he has charged ; and any such assessor shall have authority to appoint a deputy, whose compensation shall be the same as the principal.''

This does not provide that the assessor shall receive pay for the services of his deputy, but it says, '' Whose [the deputy's] compensation shall be the same as the principal ;'' clearly indicating that the deputy is the real party in interest in a proceeding to recover pay for services as such.   Neither is it necessary to decide whether an assessor may not employ a clerk to do the clerical work of copying, and recover for the reasonable value of said services paid, or perhaps assumed to be paid by him, therefor ; as there is no evidence in this case upon which to base any such claim.

The only decision we make in this case is, that a city assessor is not *prima facie* entitled to collect in his own name three dollars per day for all the assistants he may employ in making and returning the assessment of the city.

The judgment of the court below will be affirmed.